JASON EDWARD WAX (WSBA #41944)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Email: jwax@bskd.com

ALAN J. KORNFELD (admitted *Pro Hac Vice*)
JAMES W. WALKER (admitted *Pro Hac Vice*)
CIA H. MACKLE (admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: akornfeld@pszjlaw.com,
jwalker@pszjlaw.com, cmackle@pszjlaw.com

HON. WHITMAN L. HOLT

*Attorneys for the Plaintiffs*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>ICAP ENTERPRISES INC., *et al.*<br><br>       Debtors. | Chapter 11<br><br>Lead Case No. 23-01243-WLH11<br>Jointly Administered |
| Lance Miller and Seth Freeman as Co-Trustees for the iCap Trust,<br><br>   Plaintiffs,<br><br>v.<br><br>Marcus & Millichap Capital Corporation, Olympia Hotel Group, LLC, Sunset Living, LLC, Manmohan Dhillon, Sarjit Dhillon, Sukhvir Singh Josan, Jaswinder Kaur Josan, and ST Renton, LLC<br><br>   Defendants. | Adv. Pro. No. 25-80094-WLH<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH Doc 4 Filed 09/29/25 Entered 09/29/25 16:44:32 Pg 1 of 37

# Table of Contents

PRELIMINARY STATEMENT .................................................................................. 1

THE PARTIES.......................................................................................................... 5

JURISDICTION AND VENUE ................................................................................ 6

FACTUAL BACKGROUND ................................................................................... 7

    A.    History of iCap .......................................................................................... 7

    B.    As the Ponzi Scheme Collapses, the iCap Entities Seek Bankruptcy Protection ... 9

    C.    The Sunset Property and Its Value................................................................ 10

    D.    The Vault Loans and the Fraud Concerning the Vault Notes and Vault Deeds of Trust ...................................................................................................... 11

    E.    The Sunset Property is Prematurely Sold to the Third Party Buyers and the Christensens For Below Market Value ....................................................... 14

        1.    The Christensens Engage MMCC to Help Finance Their Acquisition of an Interest in the Sunset Property ......................................................... 14

FIRST CAUSE OF ACTION (Actual Fraudulent Transfer Against Third Party Buyers and ST Renton (Sunset Living, Olympia, and ST Renton)) ........................ 20

SECOND CAUSE OF ACTION (Constructive Fraudulent Transfer against Third Party Buyers and ST Renton (Sunset Living, Olympia, and ST Renton))................... 21

THIRD CAUSE OF ACTION (Against MMCC for Aiding and Abetting the Christensens' Breach of Fiduciary Duty) ............................................................. 22

FOURTH CAUSE OF ACTION (Against the Third Party Buyers and the Short Term Lenders for Aiding and Abetting Breach of Fiduciary Duty).............................. 24

FIFTH CAUSE OF ACTION (Against MMCC for Aiding and Abetting Conversion of the Vault Notes) ...................................................................................................... 26

SIXTH CAUSE OF ACTION (Against All Defendants for Aiding and Abetting Conversion of the Proceeds of the Short Term Loan) ............................................ 27

SEVENTH CAUSE OF ACTION (Against MMCC to Avoid and Recover the Consulting Fee as a Fraudulent Transfer) ............................................................. 29

EIGHTH CAUSE OF ACTION (Against MMCC to Avoid and Recover the Consulting Fee as a Fraudulent Transfer) ............................................................. 30

NINTH CAUSE OF ACTION (Against MMCC for Conversion of the Consulting Fee) 31

TENTH CAUSE OF ACTION (Against MMCC for Unjust Enrichment) ...................... 32

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - i

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

PRAYER FOR RELIEF .................................................. 33

DEMAND FOR JURY TRIAL .................................................. 34

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - ii

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Lance Miller and Seth Freeman (the "**Trustees**" or "**Plaintiffs**"), acting solely in their capacities as the Co-Trustees of the iCap Trust (the "**Trust**"), on behalf of the Trust and the investors in the iCap entities (the "**Investors**") who have assigned their claims against third parties to the Trust, hereby allege the following claims against the above-captioned defendants (collectively, "**Defendants**"). Plaintiffs allege the following upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon the investigation made by and through their attorneys and upon their own investigation made by and through their advisors and experts.

## PRELIMINARY STATEMENT

1. Chris Christensen and Jim Christensen (the "**Christensens**") founded and operated the iCap Entities[1] as a Ponzi scheme. For years, Chris and Jim Christensen represented to the Investors that real property owned by one of the iCap Entities – Colpitts Sunset, LLC ("**Colpitts Sunset**") – was a valuable asset in the iCap portfolio, a "crown jewel" that would yield significant value for the Investors after it was fully developed, occupied, and sold (the "**Sunset Property**"). Yet, just weeks before the Debtors' bankruptcy filing and with the walls closing in, the Christensens breached their fiduciary duties to the Investors and engaged in other wrongful conduct by causing Colpitts Sunset

---

[1] The iCap entities – purportedly operating as a real estate investment business – which were used by the Christensens to conduct their Ponzi scheme include: iCap Enterprises, Inc.; iCap Pacific NW Management, LLC; iCap Vault Management, LLC; iCap Vault, LLC; iCap Vault 1, LLC; Vault Holding 1, LLC; iCap Investments, LLC; iCap Pacific Northwest Opportunity and Income Fund, LLC; iCap Equity, LLC; iCap Pacific Income 4 Fund, LLC; iCap Pacific Income 5 Fund, LLC; iCap Northwest Opportunity Fund, LLC; 725 Broadway, LLC; Senza Kenmore, LLC; iCap Campbell Way, LLC; UW 17th Ave, LLC; VH Willows Townhomes LLC; iCap @ UW, LLC; VH 2nd Street Office, LLC; VH Pioneer Village LLC; iCap Funding LLC; iCap Management LLC; iCap Realty, LLC; Vault Holding, LLC; iCap Pacific Development LLC; iCap Holding LLC; iCap Holding 5 LLC; iCap Holding 6 LLC; Colpitts Sunset, LLC; CS2 Real Estate Development LLC; and iCap International Investments, LLC (collectively referred to herein as the "**iCap Entities**" or the "**Debtors**").

4900-3416-9198.1 39502.00002

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**FIRST AMENDED COMPLAINT**
Page - 1

1  to prematurely sell the Sunset Property at an under-market price in a series of transactions

2  that enriched themselves, and the Defendants, causing significant damage to the Investors.

3      2.     The Defendants here are (a) the real estate advisor and broker that supported

4  the Christensens' plan to enrich themselves at the Investors' expense, Marcus & Millichap

5  Capital Corporation (defined herein as "**MMCC**"), (b) the third party buyers of the Sunset

6  Property, Olympia Hotel Group, LLC and Sunset Living, LLC (defined herein as the

7  "**Third Party Buyers**"), and (c) the owners of the Third Party Buyers, Manmohan

8  Dhillon, Sarjit Dhillon, Sukhvir Singh Josan, and Jaswinder Kaur Josan (defined herein as

9  the "**Short Term Lenders**"), who made a $3 million short term loan in connection with

10  the transaction (defined herein as the "**Short Term Loan**").

11      3.     As an example of the wrongful conduct that transpired in connection with the

12  sale of the Sunset Property, another of the iCap Entities, Vault, LLC ("**Vault**"), had

13  previously loaned Colpitts Sunset the amount of $12 million (the "**Vault Loan**"). The

14  Vault Loan was evidenced by notes and secured by deeds of trust against the Sunset

15  Property (defined herein as the "**Vault Notes**" and "**Vault Deeds of Trust**"). Because

16  Vault had a lien on the Sunset Property, in order to sell the Sunset Property, Colpitts

17  Sunset needed to satisfy its obligations under the Vault Notes as a condition to delivering

18  clear title at closing. But it lacked the financial resources to do so. The Christensens'

19  solution was to simply mark the Vault Notes "paid in full" and cause Vault to withdraw its

20  lien by "reconveying" the Vault Deeds of Trust to Colpitts Sunset – even though Vault, to

21  the detriment of the Investors, received nothing on account of its $12 million loan (except

22  for a $30,000 payment made *after* the Vault Notes were supposedly "paid in full").

23

24

25

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 2

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

4. But for the Christensens' false and fraudulent statements pertaining to the Vault Notes, Colpitts Sunset would have been unable to deliver clear title to the Sunset Property because it was insolvent and the contemplated sale was never going to yield proceeds sufficient to pay off all principal and interest due and owing on the Vault Notes. This is where the Defendants' wrongful conduct comes in. They enabled and facilitated the Christensens' scheme.

5. MMCC is a sophisticated real estate advisor and brokerage firm that supported the Christensens' plans to enrich themselves at the Investors' expense. Retained by Invalus, LLC ("**Invalus**"), an entity owned and controlled by Jim Christensen, MMCC engineered the sale of the Sunset Property, advised the Christensens, identified the buyers, arranged the financing, controlled the closing, and directed the disbursement of sale proceeds. As the Christensens' agent, MMCC knew that the Christensens falsely represented that the Vault Notes were paid, yet MMCC aided and abetted the Christensens in their breach of fiduciary duty by remaining silent, thereby allowing the sale of the Sunset Property to close with the Vault Notes remaining unpaid.

6. The Defendants' aiding and abetting of the Christensens didn't stop there. Jim Christensen (through his related entities, Invalus and its affiliate, Sunset Terrace WA, LLC)[2] snagged a 10% equity interest in the Sunset Property that – as the Defendants knew – was financed on the backs of Colpitts Sunset, Vault, and the Investors. Specifically, prior to closing, MMCC arranged for the Short Term Lenders to loan $3 million to Colpitts Sunset. But, as the Defendants knew, most of the proceeds were used to fund the

---

[2] Discovery will be undertaken to determine whether Chris Christensen also holds an interest in Invalus and/or Sunset Terrace WA, LLC.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 3

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Christensens' equity investment in the Sunset Property. Yet, Colpitts Sunset repaid the Short Term Loan from the proceeds of the sale of the Sunset Property. In sum, with the knowledge and assistance of MMCC and the Short Term Lenders, the Christensens breached their fiduciary duties to the Investors by causing Colpitts Sunset to finance the acquisition of their interest in the Sunset Property – while Colpitts Sunset, Vault, and the Investors received nothing.

7.     The timing and reported price of the sale of the Sunset Property – acquired with the Investors' money – was not intended to maximize value because it was sold prematurely and below market. The Christensens and the Defendants knew that Colpitts Sunset would obtain the highest price if the Sunset Property was sold *after* occupancy was stabilized. Rather than waiting for that to occur, the Christensens sold the property *before* construction was even complete, in a transaction arranged by MMCC without a full marketing process, and at a price the Christensens – acting for both the seller (*i.e.*, Colpitts Sunset) and the buyers (*i.e.*, including themselves) – established for the benefit of themselves and the Third Party Buyers.

8.     The sale of the Sunset Property to the Third Party Buyers was a fraudulent transfer. As such, Colpitts Sunset is entitled to recover the Sunset Property, or its value, from the Third Party Buyers as the initial transferees of the Sunset Property.

9.     And as if this was not enough, on or about August 28, 2025, the Sunset Property was transferred to Defendant ST Renton, LLC ("**ST Renton**"), an affiliate of the Third Party Buyers. The Trustees are thus entitled to recover the Sunset Property, or its value, from ST Renton as the immediate transferee of the Sunset Property pursuant to the August 28, 2025 transfer.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 4

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 7 of 37

10. Finally, as a further insult, even though MMCC was engaged by Invalus and acted to advance the Christensens' interests, MMCC accepted its consulting fee, not from Invalus/Sunset Terrace or the Christensens, but from Colpitts Sunset out of the sale proceeds.

11. As a proximate cause of the Defendants' participation in the Christensens' scheme, the Investors sustained damages in an amount to be proven at trial.

## THE PARTIES

12. Pursuant to the Plan and the iCap Trust Agreement dated November 13, 2024 (the "**Trust Agreement**"), the Trust was established to, among other things, pursue recoveries for the Investors as beneficiaries of the Trust. *See* Confirmation Order, ¶ 107; Plan, Articles V.D and F. Investors collectively assert over $230 million in claims as a result of the Debtors' Ponzi scheme. In connection with and following confirmation of the Plan, a significant portion of the Investors have contributed their claims against third parties to the Trust (the "**Contributed Claims**"). Pursuant to the Plan and Trust Agreement, the Trust has the right to pursue the Contributed Claims on behalf of the assigning Investors. *See* Confirmation Order, ¶ 86; Plan, Articles V.D and F. The Trust also has the right to assert Avoidance Actions, which include all claims that may be brought by or on behalf of the Debtors or the Estates under Bankruptcy Code Sections 542, 544, 547, 548, 549, 550, 551, or 553 or related laws. *See* Confirmation Order, ¶ 38; Plan, Articles V.D. and F.

13. The Plaintiffs are Lance Miller and Seth Freeman, solely in their capacities as the Co-Trustees of the Trust which was formed in accordance with the terms of the Plan and Trust Agreement. The Plaintiffs are both citizens of California.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 5

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 8 of 37

14.     Defendant Marcus & Millichap Capital Corporation ("**MMCC**") is a California corporation.

15.     Defendant Olympia Hotel Group, LLC ("**Olympia**") is a Washington limited liability corporation.  Olympia is one of the Third Party Buyers.

16.     Defendant Sunset Living, LLC ("**Sunset Living**") is a Washington limited liability corporation.  Sunset Living is one of the Third Party Buyers.

17.     Defendant Manmohan Dhillon ("**M. Dhillon**") is a resident of Washington State and is a governor of Olympia. M. Dhillon is one of the Short Term Lenders.

18.     Defendant Sarjit Dhillon ("**S. Dhillon**") is a resident of Washington State. S. Dhillon is one of the Short Term Lenders.

19.     Defendant Sukhvir Singh Josan ("**S. Josan**") is a resident of Washington State and is a governor of Sunset Living.  S. Josan is one of the Short Term Lenders.

20.     Defendant Jaswinder Kaur Josan ("**J. Josan**") is a resident of Washington State.  J. Josan is one of the Short Term Lenders.

21.     Defendants Olympia and Sunset Living are referred to collectively herein as the "**Third Party Buyers**").

22.     Defendants M. Dhillon, S. Dhillon, S. Josan, and J. Josan are referred to collectively herein as the "**Short Term Lenders**.").

23.     Defendant ST Renton is a Washington limited liability company.  Defendants Olympia and Sunset Living are each governors of ST Renton.

## JURISDICTION AND VENUE

24.     This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

25.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

26. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

**A. History of iCap**

27. iCap Enterprises, Inc. was formed on August 9, 2007. iCap Equity, LLC, its direct subsidiary, was formed on August 15, 2011. Chris Christensen was the founder and Chief Executive Officer of these entities. Chris Christensen was also the sole shareholder of iCap Enterprises, Inc. He and his wife were the sole members of iCap Investments, LLC. Jim Christensen was the Chief Operating Officer of these entities, overseeing iCap's real estate portfolio with authority over project acquisitions, financing, and asset management and disposition. The iCap Entities were all directly or indirectly owned by Chris Christensen, and he decided which entities to form and the purpose each would serve.

28. Over the course of the next 12 years, various iCap Entities were formed as specific investment vehicles in execution of the Christensens' Ponzi scheme to accommodate the solicitation of private investments in purported real estate opportunities in the Pacific Northwest. The iCap Entities experienced rapid growth and ultimately employed more than 35 people at their Bellevue, Washington headquarters by early 2023. The iCap Entities were used to invest in two categories of real estate, across two divisions of operations known as the "Portfolio Business" and the "Vault Business." The Portfolio Business was the oldest of the iCap business lines. It operated under iCap Equity, LLC and various subsidiaries. The Portfolio Business purportedly focused on development opportunities for multifamily real estate projects. In some cases, these projects started

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 7

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 10 of 37

with raw and undeveloped land, and in other cases the projects began with building permits in place or the improvement of existing structures.

29. The Portfolio Business was funded through private placements of debentures and promissory notes under which the Investors were promised interest rates ranging from 6% to 15% – returns that were never realized.

30. At all relevant times, the Christensens owed the Investors fiduciary duties of loyalty and care. Indeed, given the complete discretion Chris Christensen and the iCap fund managers had with respect to the specific types of real estate in which Investor funds would be placed, the timing for all such investments, the security afforded to each investment, the decisions regarding when each parcel would be sold, and how each would be appraised and priced for sale, the Investors reasonably trusted the iCap Entities' principals, the Christensens, to act in good faith, in their best interests, and in accordance with their fiduciary duties.

31. The Vault Business was started in 2018 for the ostensible purpose of investing in standalone real estate investments that had the potential to be or already were cash flow positive. The Vault Business operated under iCap Vault, LLC and various subsidiaries. The Vault Business financed its operations through private placement notes and public demand notes.

32. In fact, the Portfolio Business and Vault Business investments provided little to no return on investment, and new investments were largely used to pay pre-existing Investors to simulate a return and to cover intercompany transfers for this same purpose, were used as the source of compensation for Chris Christensen, or were simply transferred into his personal accounts.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 8

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

33.    On September 28, 2023, as the Ponzi scheme finally collapsed, Chris Christensen resigned all the positions he held with the iCap Entities. His brother, Jim Christensen, had previously resigned his positions with the iCap Entities.

**B.    As the Ponzi Scheme Collapses, the iCap Entities Seek Bankruptcy Protection**

34.    On September 29, 2023 (the "**Petition Date**"), iCap Enterprises, Inc. and its affiliated entities filed chapter 11 cases in this court. On October 9, 2024, the Debtors, jointly with the Official Committee of Unsecured Creditors, filed the *Second Modified Second Amended Joint Chapter 11 Plan of Liquidation of iCap Enterprises, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors* [Main Case ECF 1360] (the "**Plan**"). On October 18, 2024, the court entered its Order confirming the Plan [Main Case ECF 1414] (the "**Confirmation Order**").

35.    As part of its Confirmation Order, the court found that the iCap Entities operated as a Ponzi scheme beginning no later than October 2018 through July 2023 (the date range for which evidence was provided of the Ponzi scheme operation in connection with confirmation of the Plan). *See* Confirmation Order ¶¶ 17, 74, 77.

36.    Specifically, the court entered the following findings (the "**Ponzi Findings**") as part of the Confirmation Order based upon the evidence submitted in connection with Plan confirmation:

> a.    beginning no later than October 2018 (the "**Ponzi Start Date**") through the conclusion of the prepetition time period analyzed by the CRO and his advisors (which, for the avoidance of doubt, ended prior to the retention of new counsel and financial advisors by the Debtors in July 2023), the principals operated the iCap enterprise as a Ponzi scheme raising approximately $230 million from over 1,800 investors in the United States and abroad;

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b.  the Ponzi scheme involved the use of funds provided by new investors to the iCap enterprise to make payments to already existing investors and other creditors; and

c.  the iCap enterprise did not operate as a legitimate profit-making business. *See In re EPD Inv. Co.,* 114 F.4th 1148, 1162-63 (9th Cir. 2024).

*See* Confirmation Order ¶ 75 at 38.

## C.  The Sunset Property and Its Value

37.  Colpitts Sunset, one of the iCap Entities and a Debtor, was formed as a Washington limited liability company on September 30, 2013 to acquire, develop, construct, and/or sell the Sunset Property, a mixed-use property located in Renton, Washington.

38.  In late 2021, O'Connor Consulting Group, LLC ("**O'Connor Consulting**") was engaged to provide an appraisal and opinion of value with respect to the Sunset Property. As part of the appraisal process, iCap informed O'Connor Consulting, among other things, that: (a) site clearing and preparation began on July 16, 2020, (b) the actual groundbreaking occurred on September 2, 2020, (c) construction was projected to be completed by July 31, 2022, and (d) occupancy was expected to be fully stabilized by April 1, 2023.

39.  On November 24, 2021, O'Connor Consulting provided opinions of value for the Sunset Property in the amount of: (a) $52,885,000 upon completion of construction and; (b) $55,035,000 upon achieving stabilized occupancy.

40.  Less than fifteen months later, the Sunset Property was valued again. On February 1, 2023, Cushman & Wakefield ("**C&W**") provided a new appraisal of the

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 10

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 13 of 37

Sunset Property. Based on later-projected dates for the completion of construction (it was 92% complete as of the appraisal date) and occupancy stabilization, C&W concluded that the value of the Sunset Property was (a) $43,905,000 on an "as is" basis as of February 1, 2023, (b) $48,075,000 as of April 1, 2023, the revised date for the completion of construction, and (c) $50,260,000 as of December 31, 2023, the revised date for occupancy stabilization.

41. The independent valuations confirm that the Sunset Property's fair market value was projected to exceed $50 million by year-end. The Christensens, however, failed to meet the construction completion deadlines for the Sunset Property, and Colpitts Sunset itself lacked sufficient capital to complete construction. The Christensens were desperate and, aided and abetted by the Defendants, prematurely sold the Sunset Property at well below market value, thereby causing substantial damage to the Investors – while the Christensens, with the knowledge and assistance of the Defendants, took and kept a 10% stake in the Sunset Property for themselves.

**D.** **The Vault Loans and the Fraud Concerning the Vault Notes and Vault Deeds of Trust**

42. At all times prior to the Petition Date, the Christensens touted Colpitts Sunset to Investors, representing that the Sunset Property was among the iCap family of assets being developed for the Investors' benefit.

43. To finance the construction of the Sunset Property, Colpitts Sunset obtained a secured loan from UC Funds, LLC in the original principal amount of $35.25 million (the "**Senior Loan**"). The Christensens also used another of the iCap Entities – Vault – for additional funding and to further their Ponzi scheme (the "**Vault Loans**").

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 11

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 14 of 37

44.     On April 15, 2021, Vault made a loan to Colpitts Sunset in the original principal amount of $3.5 million as evidenced by a certain *Promissory Note* (the "**Original Vault Note**"). The Original Vault Note was secured by a *Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing* (the "**Vault Deed of Trust**") recorded on May 11, 2021, on the Sunset Property.

45.     Vault amended the Original Vault Note by increasing the principal amount to $5.1 million as evidenced by that certain *Amendment to Promissory Note* dated August 31, 2022 (the "**First Amended Vault Note**"). The First Amended Vault Note was secured by a *Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing* (the "**First Amended Vault Deed of Trust**") recorded on September 1, 2022, on the Sunset Property.

46.     Vault amended the First Amended Vault Note by increasing the principal amount to $8.0 million as evidenced by that certain *Amendment to Promissory Note* dated August 31, 2022 (the "**Second Amended Vault Note**"). The Second Amended Vault Note was secured by a *Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing* (the "**Second Amended Vault Deed of Trust**") recorded on October 19, 2022, on the Sunset Property.

47.     Vault amended the Second Amended Vault Note by increasing the principal amount to $12.0 million as evidenced by that certain *Amendment No. 3 to Promissory Note* dated December 14, 2022 (the "**Third Amended Vault Note**" and together with the Original Vault Note, the First Amended Vault Note, and the Second Amended Vault Note, the "**Vault Notes**"). The Third Amended Vault Note was secured by a *Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing* (the "**Third**

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**Amended Vault Deed of Trust**" and together with the Vault Deed of Trust, the First Amended Vault Deed of Trust, and the Second Amended Vault Deed of Trust, the "**Vault Deeds of Trust**") recorded on December 14, 2022, on the Sunset Property.

48.     Jim Christensen signed the Third Amended Vault Note and the Third Amended Vault Deed of Trust on Colpitts Sunset's behalf, and Chris Christensen signed each of those instruments on Vault's behalf.

49.     The Christensens caused most of the proceeds of the Vault Loans to be transferred by Colpitts Sunset to other iCap Entities in furtherance of their Ponzi scheme.

50.     Other than a $30,000 payment made in June 2023, Colpitts Sunset never paid any principal or interest due to Vault under the Vault Notes.

51.     Nevertheless, in February 2023, to clear title in anticipation of Colpitts Sunset's sale of the Sunset Property, and in breach of their fiduciary duties to the Investors, the Christensens falsely and fraudulently caused the Vault Notes to be marked "paid in full" and the Vault Deeds of Trust to be "reconveyed" to Colpitts Sunset for no consideration. In other words, the Christensens effectively "tore up" the Vault Notes and Vault Deeds of Trust, leaving Vault – and the Investors – holding the (empty) bag.

52.     On March 21, 2023, just weeks after falsely and fraudulently causing the Vault Notes to be marked "paid in full" and the Vault Deeds of Trust to be "reconveyed" to Colpitts Sunset, Chris Christensen, acting on Colpitts Sunset's behalf, ratified the validity and continued enforceability of those instruments by giving "notice" to Vault that it was extending the maturity date of the Vault Loan (evidenced by the Third Amended Vault Note) from April 1, 2023 to October 1, 2023. The Christensens ratified the validity of the instruments again on June 6, 2023 when they caused Colpitts Sunset to make a

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 13

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 16 of 37

"partial Vault loan payoff" of $30,000 – the only payment that Vault ever received on account of its $12 million loan to Colpitts Sunset.

**E.     The Sunset Property is Prematurely Sold to the**
**Third Party Buyers and the Christensens For Below Market Value**

   **1.     The Christensens Engage MMCC to Help Finance Their Acquisition of**
   **an Interest in the Sunset Property**

53.     Short on cash and long on obligations, the Christensens decided to sell the Sunset Property before it was fully developed and occupied, but to do so for their benefit and at the Investors' expense.

54.     In breach of their fiduciary duties and in acts of conversion and fraud, the Christensens engineered a sale whereby (a) their fraudulent conduct concerning the Vault Notes was "swept under the rug" thus enabling the sale of the Sunset Property to close, (b) Colpitts Sunset (and therefore the Investors) received *none* of the net sale proceeds, but (c) the Christensens took a 10% stake in the Sunset Property (through Sunset Terrace WA, LLC ("**Sunset Terrace**"), a limited liability affiliate of Invalus owned and controlled by Jim Christensen), using Colpitts Sunset's limited resources to acquire the Sunset Property at a below-market price.

55.     The Christensens did not act alone. Their scheme to enrich themselves at the Investors' expense was aided and abetted by MMCC, the Short Term Lenders, and the Third Party Buyers.

56.     On February 15, 2023, MMCC entered into that certain *Capital Advisory Services Agreement* (the "**MMCC/Invalus Agreement**") with Invalus in connection with

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    Colpitts Sunset's expected sale of the Sunset Property. Invalus was owned and controlled
2    at all times by Jim Christensen.

3        57.    Pursuant to the MMCC/Invalus Agreement, MMCC agreed to act as
4    Invalus's agent with respect to obtaining financing for the Sunset Property. Tammy
5    Linden ("**Linden**") signed the MMCC/Invalus Agreement on MMCC's behalf, and Jim
6    Christensen signed on Invalus's behalf.

7        58.    MMCC was not engaged by Colpitts Sunset to provide any services with
8    respect to the marketing, financing, or sale of the Sunset Property. Yet MMCC – acting
9    through Linden, who took instruction directly from the Christensens – engineered the
10   transaction, advised the Christensens, identified the buyers, arranged the financing,
11   controlled the closing, and directed the disbursement of sale proceeds.

12       59.    On March 31, 2023, Colpitts Sunset entered into a *Commercial & Investment*
13   *Real Estate Purchase & Sale Agreement* (the "**PSA**") pursuant to which it agreed to sell
14   the Sunset Property for $44 million to Olympia, Capital J Holdings, LLC ("**Capital J**")
15   and Sunset Terrace, an entity controlled by Jim Christensen and owned indirectly by him
16   through Invalus.

17       60.    Jim Christensen signed the PSA on Sunset Terrace's behalf even though
18   Sunset Terrance was not formed as a Washington limited liability company until July 6,
19   2023.  Chris Christensen signed the PSA on Colpitts Sunset's behalf.

20       61.    Ultimately, Sunset Living replaced Capital J as a third party buyer under the
21   PSA and purchased the Sunset Property along with Olympia and Sunset Terrace.

22       62.    On or about August 28, 2025, the Sunset Property was transferred to ST
23   Renton, an affiliate of the Third Party Buyers.  The Trustees are unaware of the Debtors,

24

25   4900-3416-9198.1 39502.00002
     **FIRST AMENDED COMPLAINT**
     Page - 15

     PACHULSKI STANG
     ZIEHL & JONES LLP
     10100 Santa Monica Blvd., 13th Flr.
     Los Angeles, CA 90067
     Telephone: (310) 277-6910
     Facsimile: (310) 201-0760

     BUSH KORNFELD LLP
     LAW OFFICES
     601 Union St., Suite 5000
     Seattle, Washington 98101-2373
     Telephone (206) 292-2110
     Facsimile (206) 292-2104

     25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 18 of 37

or any other party, receiving in connection with this transfer any consideration from ST Renton.

63.     The sale of the Sunset Property was another step in the Christensens' efforts to enrich themselves at the expense of iCap's Investors – and MMCC through its agent, Linden, supported their efforts every step of the way.

64.     By late 2022, MMCC's representative, Linden, was advising the Christensens on multiple distressed iCap projects, giving her direct visibility into iCap's liquidity crisis. MMCC knew of the Vault Notes and Vault Deeds of Trust and also knew that the Vault Notes had not been paid.

65.     On February 6, 2023, just days before the Vault Notes were fraudulently marked "paid in full," Jim Christensen informed Linden via email that iCap "need[ed] to get some equity to replace what we have in the project," thereby confirming that Colpitts Sunset lacked the funds to satisfy its $12 million obligation to Vault.  In a subsequent email dated March 30, 2023, Linden warned Jim Christensen that the title company, First American Title Company ("**First American**"), would likely require proof that Colpitts Sunset had satisfied its obligations under the Vault Notes in order to clear title.

66.     But as the Christensens and Linden knew, the projected sales price was never going to yield sufficient proceeds to pay off the Vault Notes. So, in breach of their fiduciary duties, the Christensens persuaded First American to accept the false and fraudulent "reconveyances" as proof of payment – and Linden knew it. The consequences for Vault and the Investors were devastating.   The Christensens' deceptive conduct ensured that Colpitts Sunset would *never* pay back the $12 million it owed to Vault (and the $12 million would therefore never be available to Investors), and Colpitts Sunset could

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 16

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 19 of 37

deliver clear title to the Sunset Property (subject only to the Senior Loan which would be satisfied at closing).

67.     MMCC aided and abetted the Christensens' false and deceptive statements and representations to First American concerning the purported satisfaction of the Vault Notes in order to get to closing. MMCC knew that the Vault Notes remained outstanding and that the projected sale proceeds were insufficient to satisfy Colpitts Sunset's obligations thereunder.  Yet, in furtherance of the Christensens' scheme, it pretended the Vault Notes were paid off and pushed the sale to closing. As a result, the Investors lost the $12 million principal balance plus interest owed to Vault on account of the Vault Notes.

68.     The Third Party Buyers and the Short Term Lenders also aided and abetted the Christensens in their wrongful conduct. They too knew of the existence of the Vault Notes and Vault Deeds of Trust and that Colpitts Sunset had not satisfied its obligations to Vault and could not deliver clear title to the Sunset Property. Yet, like MMCC, the Third Party Buyers and Short Term Lenders willingly overlooked the Christensens' fraudulent statements so that they could close the purchase of the Sunset Property. They also aided the Christensens in wrongfully acquiring a 10% stake in the Sunset Property through Invalus/Sunset Terrace, including by wiring the final loan proceeds directly to Invalus, an insider entity owned and controlled by Jim Christensen, rather than to Colpitts Sunset, the borrower.

69.     In the months leading to the closing, as MMCC and the Third Party Buyers knew, Colpitts Sunset was unable to pay its debts as they became due as evidenced by its payment default under the Senior Loan and its inability to finance the completion of construction of the Sunset Property. Rather than seeing a dilemma, the Christensens saw

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

an opportunity to be exploited. And they had willing participants in MMCC, the Third Party Buyers and Short Term Lenders. With Linden's assistance, the Short Term Lenders, who are the principals of the Third Party Buyers, agreed to loan Colpitts Sunset the amount of $3 million (the "**Short Term Loan**") ostensibly for the purpose of curing the payment default on the Senior Loan, funding interest and fees due on the Senior Loan through closing, and providing working capital.

70.     But as the Christensens, MMCC (through Linden), the Short Term Lenders, and the Third Party Buyers knew, most of the proceeds of the Short Term Loan were not used for their stated purpose but instead were used to fund the Christensens' $2 million "investment" to acquire (through Sunset Terrace) a 10% interest in the Sunset Property. In fact, on June 7, 2023, Linden confirmed by email that the last $1.6 million draw had been sent to Invalus, not Colpitts Sunset, the actual borrower. The same exchange showed that ownership percentages were still under discussion, confirming Linden's knowledge that the loan proceeds were being diverted for the benefit of or to fund the Christensens' personal equity stake.

71.     In furtherance of their scheme to enrich themselves at the Investors' expense and in further breach of their fiduciary duties, the Christensens – aided and abetted by MMCC (through Linden), the Short Term Lenders, and the Third Party Buyers – not only used a substantial portion of the Short Term Loan proceeds to acquire an interest in the Sunset Property, they then caused the Short Term Loan to be repaid from the sale proceeds which were due to Colpitts Sunset. On July 20, 2023, Jim Christensen emailed the Third Party Buyers, copying Linden, stating that "there are not enough funds from the $44M price point to cover the costs to pay off the lenders, taxes, and finish the

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 18

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH     Doc 4     Filed 09/29/25     Entered 09/29/25 16:44:32     Pg 21 of 37

construction of the building." This contemporaneous admission confirms that both the Third Party Buyers and MMCC were aware that the sale proceeds were insufficient, yet they nevertheless proceeded to close, further assisting the Christensens' scheme at the Investors' expense.

72.    With the Vault Notes buried and Colpitts Sunset exploited as the vehicle for the Christensens' acquisition of a 10% stake, the Sunset Property was sold to the Third Party Buyers and Sunset Terrace on July 26, 2023, at a below-market value with Colpitts Sunset and the Investors netting exactly nothing – a result facilitated and enabled by the Defendants.

73.    The purported sales price of $44 million was millions of dollars below market value for two reasons. First, $3 million of the sale proceeds was used to repay the Short Term Loan. But since the bulk of the proceeds of the Short Term Loan was used for the Christensens' benefit, Colpitts Sunset should never have taken or repaid the Short Term Loan and, consequently, the "real" purchase price was actually $41 million.

74.    Second, based on the opinions of value provided by O'Connor Consulting and C&W, the fair market value of the Sunset Property exceeded $48 million. Yet, MMCC, a sophisticated real estate advisor and broker, acquiesced in the below-market sale without marketing the property or seeking higher or better offers because a below-market price was needed to entice the Short Term Lenders to make the Short Term Loan – and enable the Christensens to wrongfully retain an interest in the Sunset Property while the Investors received nothing.

75.    To add insult to (the considerable) injury, at the closing, MMCC accepted its $180,000 consulting fee (the "**Consulting Fee**") from the sale proceeds of the Sunset

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 19

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 22 of 37

Property even though MMCC was never engaged by Colpitts Sunset to provide any services in connection with the sale of the Sunset Property.

## FIRST CAUSE OF ACTION

### (Actual Fraudulent Transfer Against Third Party Buyers and ST Renton

### (Sunset Living, Olympia, and ST Renton))

### (11 U.S.C. §§ 548(a)(1)(A) and 550(a))

76. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

77. Debtor Colpitts Sunset had an ownership interest in the Sunset Property.

78. Within two years of the Petition Date, Colpitts Sunset transferred the Sunset Property to the Third Party Buyers with actual intent to hinder, delay, or defraud the Investors, people and entities to which the Colpitts Sunset was indebted.

79. The "badges of fraud" establishing the Third Party Buyers' intent include: (a) the Christensens were on both sides of the transaction, acting on behalf of the seller (*i.e.*, Colpitts Sunset) and the buyers (*i.e.,* including themselves); (b) Colpitts Sunset was in financial distress (as evidenced by the payment default under the Senior Loan and the inability to finance the remaining construction of the Sunset Property) when the PSA was executed; (c) the Sunset Property was not marketed for sale; (d) neither Sunset Terrace nor the Christensens had the financial wherewithal to fund the acquisition of a 10% equity stake in the Sunset Property without the Short Term Loan; (e) Colpitts Sunset repaid the Short Term Loan from the proceeds of the sale of the Sunset Property even though most of the proceeds of the Short Term Loan were used for Sunset Terrace's and the Christensens' benefit, (f) the Vault Notes were not paid but the Vault Deeds of Trust were

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13ᵗʰ Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

"reconveyed" for no consideration, thereby enabling the Third Party Buyers to acquire clear title to the Sunset Property (subject to the lien securing the Senior Loan which would be satisfied at closing); (g) the Sunset Property was sold well below market value; and (h) Sunset Living and Olympia knew from contemporaneous communications, including a July 20, 2023 email, that the $44 million sale price was insufficient to cover Colpitts Sunset's debts and obligations, yet they proceeded to close.

80. As a result, the transfer of the Sunset Property should be avoided pursuant to section 548(a)(1)(A) of the Bankruptcy Code.

81. Pursuant to section 550(a)(2) of the Bankruptcy Code, ST Renton is the immediate transferee of the Sunset Property from the Third Party Buyers.

82. Upon avoidance of the transfer of the Sunset Property, Plaintiffs are entitled under section 550(a) of the Bankruptcy Code to recover the Sunset Property, or the value of the Sunset Property, from the Third Party Buyers and/or from ST Renton as their immediate transferee.

## SECOND CAUSE OF ACTION

### (Constructive Fraudulent Transfer against Third Party Buyers and ST Renton

### (Sunset Living, Olympia, and ST Renton))

### (11 U.S.C. §§ 548(a)(1)(B) and 550(a))

83. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

84. Debtor Colpitts Sunset had an ownership interest in the Sunset Property.

85. Colpitts Sunset did not receive reasonably equivalent value from the Third Party Buyers in exchange for the transfer of the Sunset Property.

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

86. When the Sunset Property was transferred, Colpitts Sunset (a) was engaged or about to engage in a business for which its remaining assets and/or capital were unreasonably small in relation to the business; (b) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and/or (c) was insolvent or would be rendered insolvent by the sale of the Sunset Property.

87. At all relevant times, Colpitts Sunset had actual creditors holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code.

88. As a result, the transfer of the Sunset Property should be avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

89. Pursuant to section 550(a)(2) of the Bankruptcy Code, ST Renton is the immediate transferee of the Sunset Property from the Third Party Buyers.

90. Upon avoidance of the transfer of the Sunset Property, Plaintiffs are entitled under section 550(a) of the Bankruptcy Code to recover the Sunset Property, or the value of the Sunset Property, from the Third Party Buyers and/or from ST Renton as their immediate transferee.

## THIRD CAUSE OF ACTION

### (Against MMCC for Aiding and Abetting the Christensens' Breach of Fiduciary Duty)

91. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

92. The Christensens owed fiduciary duties of due care, loyalty, and good faith to the Investors which required them, among other things, to act in good faith and in the best interests of the Investors and exercise such care as an ordinarily prudent person in a like position would use under similar circumstances.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 22

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 25 of 37

93. The Christensens breached the fiduciary duties they owed to the Investors by, among other things:

    a. Causing Colpitts Sunset to prematurely sell the Sunset Property at a below-market price in a series of transactions that enriched the Christensens at the expense of Colpitts Sunset, Vault, and the Investors;

    b. Marking the Vault Notes "paid in full" and causing Vault to "reconvey" the Vault Deeds of Trust to Colpitts Sunset, even though Vault received nothing other than $30,000 on account of its $12 million loan, were done to enable Colpitts Sunset to deliver clear title to the Sunset Property (subject to the lien of the Senior Lender) to the Christensens and the Third Party Buyers;

    c. Causing Sunset Terrace to obtain a 10% equity interest in the Sunset Property, which equity interest was financed with the proceeds of the Short Term Loan, which was repaid by Colpitts Sunset from the proceeds of the sale of the Sunset Property; and

    d. Causing MMCC, who was engaged by Invalus and who acted to further the Christensens' interests, to be paid by Colpitts Sunset out of the sale proceeds.

94. None of these transactions were in the Investors' best interests. Because MMCC (through Linden) engineered the Sunset Property transaction – including the procurement of the Short Term Loan – and took instruction from the Christensens, MMCC knew the Christensens were breaching their fiduciary duties to the Investors.

95. However, MMCC willfully disregarded the Christensens' breaches of fiduciary duties and provided substantial assistance to the Christensens by:

    a. Ignoring the fact that the Christensens were on both sides of the transaction, acting for the seller and the buyers (including themselves);

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 23

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH   Doc 4   Filed 09/29/25   Entered 09/29/25 16:44:32   Pg 26 of 37

b. Pretending the Vault Notes had been paid and the Vault Deeds of Trust were honestly "reconveyed" to Colpitts Sunset in order to get to closing;

c. As a sophisticated real estate advisor and broker, failing to properly market the Sunset Property for the purpose of maximizing value and instead facilitating a premature below-market price sale for the Christensens' benefit;

d. Accepting payment of the Consulting Fee from Sunset Colpitts; and

e. Completing the sale of 10% of the Sunset Property to Sunset Terrace with knowledge that Sunset Terrace used proceeds of the Short Term Loan made to Colpitts Sunset to fund that purchase.

96. MMCC's aiding and abetting of the Christensens' breach of fiduciary duties and other wrongful conduct has directly and proximately caused damages to the Investors in an amount to be proven at trial.

## **FOURTH CAUSE OF ACTION**

### **(Against the Third Party Buyers and the Short Term Lenders**

### **for Aiding and Abetting Breach of Fiduciary Duty)**

97. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

98. The Christensens breached their fiduciary duties to the Investors by, among other things:

a. Causing Colpitts Sunset to prematurely sell the Sunset Property at a below-market price in a series of transactions that enriched the Christensens at the expense of Colpitts Sunset, Vault, and the Investors;

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

b.    Marking the Vault Notes "paid in full" and causing Vault to "reconvey" the Vault Deeds of Trust to Colpitts Sunset, even though Vault received nothing other than $30,000 on account of its $12 million loan, were done to enable Colpitts Sunset to deliver clear title to the Sunset Property (subject to the lien of the Senior Lender) to the Christensens and the Third Party Buyers;

c.    Causing Sunset Terrace to obtain a 10% equity interest in the Sunset Property, which equity interest was financed with the proceeds of the Short Term Loan, which was repaid by Colpitts Sunset from the proceeds of the sale of the Sunset Property; and

d.    Causing MMCC, who was engaged by Invalus and who acted to further the Christensens' interests, to be paid by Colpitts Sunset out of the sale proceeds.

99.    The Short Term Lenders and the Third Party Buyers, by virtue of their principals' participation in the Short Term Loan, had actual knowledge that the Christensens were breaching their fiduciary duties to the Investors.

100.    However, the Short Term Lenders and the Third Party Buyers willfully disregarded the Christensens' breaches of fiduciary duties and provided substantial assistance to the Christensens by:

a.    Ignoring the fact that the Christensens were on both sides of the transaction, acting for the seller and the buyers (including themselves);

b.    Pretending the Vault Notes had been paid and the Vault Deeds of Trust were honestly "reconveyed" to Colpitts Sunset in order to get to closing;

a.    Prematurely closing on the Sunset Property transaction even though they were aware that the contemplated purchase price was significantly under market; and

b.    Completing the sale of 10% of the Sunset Property to Sunset Terrace even though they knew that Sunset Terrace was using

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 25

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 28 of 37

proceeds of the Short Term Loan made to Colpitts Sunset to fund that purchase.

101. The aiding and abetting of the Christensens' breach of fiduciary duties and other wrongful conduct has directly and proximately caused damages to the Investors in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Against MMCC for Aiding and Abetting Conversion of the Vault Notes)

102. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

103. Vault was entitled to be repaid by Colpitts Sunset for the principal and interest due under the Vault Notes in accordance with their terms. The Investors in Vault would have benefited from that repayment.

104. Other than a $30,000 payment made in June 2023, Colpitts Sunset never paid any principal or interest due to Vault under the Vault Notes.

105. Nevertheless, in February 2023, to clear title in anticipation of the closing of Colpitts Sunset's sale of the Sunset Property, the Christensens wrongfully exercised dominion and control over the Vault Notes and Vault Deeds of Trust to the detriment of the Investors by transferring, diverting, converting, and misappropriating these funds from Colpitts Sunset for their own benefit when they falsely and fraudulently caused the Vault Notes to be marked "paid in full" and had the Vault Deeds of Trust "reconveyed" to Colpitts Sunset for no consideration.

106. MMCC, acting through Linden, who took instruction from the Christensens, orchestrated the sale of the Sunset Property. MMCC, through Linden, knew that the Vault

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 26

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 29 of 37

1  Notes had not been paid and that, in order to get to closing, Chris Christensen had

2  persuaded First American to accept the false "reconveyances" as proof of payment.

3  107.   MMCC, through Linden, assisted the Christensens in the conversion of the

4  Vault Notes by coordinating and effectuating the sale of the Sunset Property even though

5  MMCC (through Linden) knew that the Vault Notes remained outstanding and that the

6  projected sale proceeds were insufficient to satisfy Colpitts Sunset's obligations

7  thereunder.

8  108.   MMCC's aiding and abetting of the Christensens' wrongful conversion of the

9  Vault Notes has directly and proximately caused damages to the Investors in an amount to

10 be proven at trial.

11  **<u>SIXTH CAUSE OF ACTION</u>**

12  **<u>(Against All Defendants for Aiding and Abetting Conversion</u>**

13  **<u>of the Proceeds of the Short Term Loan)</u>**

14  109.   Plaintiffs repeat and reallege the allegations contained in each preceding

15  paragraph of the Complaint as though fully set forth herein.

16  110.   Colpitts Sunset was the only borrower on the Short Term Loan, the proceeds

17  of which were to be used for the purpose of curing the payment default on the Senior

18  Loan, funding interest and fees due on the Senior Loan through closing and providing

19  working capital.

20  111.   But as MMCC (through Linden), the Short Term Lenders, and the Third

21  Party Buyers knew, most of the proceeds of the Short Term Loan were not used for their

22  stated purpose but instead were used to fund the Christensens' $2 million "investment" to

23  acquire (through Sunset Terrace) a 10% interest in the Sunset Property.

24

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

112. The Christensens wrongfully exercised dominion and control over the proceeds of the Short Term Loan to the detriment of the Investors by transferring, diverting, converting, and misappropriating these funds from Colpitts Sunset for the benefit of the Christensens (through Sunset Terrace), as these proceeds were used to finance Sunset Terrace's purchase of a 10% interest in the Sunset Property.

113. MMCC, acting through Linden, who took instruction from the Christensens, orchestrated the sale of the Sunset Property and was well aware that proceeds of the Short Term Loan, to which only Colpitts Sunset was entitled, were being used to fund the Christensens' purchase of an interest in the Sunset Property.

114. The Short Term Lenders and the Third Party Buyers were also aware that the proceeds of the Short Term Loan, to which only Colpitts Sunset was entitled, were being used to fund the Christensens' purchase of an interest in the Sunset Property.

115. MMCC (through Linden), the Short Term Lenders, and the Third Party Buyers, through their principals, assisted the Christensens in the conversion of the proceeds of the Short Term Loan by coordinating and effectuating the sale of a 10% interest in the Sunset Property to them even though they knew that the Christensens had no right to use the proceeds of the Short Term Loan for that (or any other) purpose.

116. The Defendants' aiding and abetting of the Christensens' wrongful conversion of the proceeds of the Short Term Loan has directly and proximately caused damages to the Investors in an amount to be proven at trial.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 28

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 31 of 37

## SEVENTH CAUSE OF ACTION

## (Against MMCC to Avoid and Recover the Consulting Fee as a Fraudulent Transfer)

### 11 U.S.C. §§ 548(a)(1)(B) and 550(a)

117.  Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

118.  Colpitts Sunset had an ownership interest in the Sunset Property and the proceeds of its sale. MMCC's only agreement in connection with the sale of the Sunset Property was the MMCC/Invalus Agreement to which Colpitts Sunset was not a party.

119.  Although MMCC had no contractual relationship with Colpitts Sunset and had served as a financing agent for Invalus, at the closing of the sale of the Sunset Property, it received the Consulting Fee from Colpitts Sunset's sale proceeds.

120.  Colpitts Sunset did not receive reasonably equivalent value in exchange for transferring the Consulting Fee to MMCC.

121.  At the time of the transfer of the Consulting Fee, Colpitts Sunset (a) was engaged or about to engage in a business for which its remaining assets and/or capital were unreasonably small in relation to the business; (b) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and/or (c) was insolvent or would be rendered insolvent by the transactions undertaken in connection with the payment of the Consulting Fee.

122.  At all relevant times, Colpitts Sunset had actual creditors holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code.

123.  As a result, the transfer of the Consulting Fee should be avoided pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 29

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 32 of 37

124. Upon avoidance of the Consulting Fee, Plaintiffs are entitled under section 550(a) of the Bankruptcy Code to recover the value of the avoided transfer from MMCC as the initial transferee of the Consulting Fee.

## EIGHTH CAUSE OF ACTION

### (Against MMCC to Avoid and Recover the Consulting Fee as a Fraudulent Transfer)

### (11 U.S.C. §§ 544(b) and 550(a); RCW § 19.40.091)

125. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

126. Colpitts Sunset had an ownership interest in the Sunset Property and the proceeds of its sale.

127. MMCC's only agreement in connection with the sale of the Sunset Property was the MMCC/Invalus Agreement to which Colpitts Sunset was not a party.

128. Although MMCC had no contractual relationship with Colpitts Sunset and had served a financing agent for Invalus, at the closing of the sale of the Sunset Property, it received the Consulting Fee from Colpitts Sunset's sale proceeds.

129. Colpitts Sunset did not receive reasonably equivalent value in exchange for transferring the Consulting Fee to MMCC.

130. At the time of the transfer of the Consulting Fee, Colpitts Sunset (a) was engaged or about to engage in a business for which its remaining assets and/or capital were unreasonably small in relation to the business; (b) intended to incur, or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due; and/or (c) was insolvent or would be rendered insolvent by the transactions undertaken in connection with the payment of the Consulting Fee.

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 33 of 37

131.   At all relevant times, Colpitts Sunset had actual creditors holding unsecured claims allowable within the meaning of sections 502 and 544(b) of the Bankruptcy Code.

132.   As a result, the transfer of the Consulting Fee should be avoided pursuant to section 544 of the Bankruptcy Code and section 19.40.091 of the Washington Uniform Voidable Transactions Act.

133.   Upon avoidance of transfer of the Consulting Fee, Plaintiffs are entitled under section 550(a) of the Bankruptcy Code to recover the value of the Consulting Fee from MMCC as the initial transferee of the Consulting Fee.

### NINTH CAUSE OF ACTION

### (Against MMCC for Conversion of the Consulting Fee)

134.   Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

135.   Colpitts Sunset had an ownership interest in the Sunset Property and the proceeds of its sale.

136.   MMCC's only agreement in connection with the sale of the Sunset Property was the MMCC/Invalus Agreement to which Colpitts Sunset was not a party.

137.   Although MMCC had no contractual relationship with Colpitts Sunset and had served a financing agent for Invalus, at the closing of the sale of the Sunset Property, it received the Consulting Fee from Colpitts Sunset's sale proceeds.

138.   MMCC was not entitled to receive the Consulting Fee from Colpitts Sunset.

139.   MMCC wrongfully exercised dominion and control over the Consulting Fee to the detriment of the Investors by transferring, diverting, converting, and misappropriating these funds from Colpitts Sunset for its own benefit.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 31

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 34 of 37

140. MMCC's unlawful conversion of the Consulting Fee has directly and proximately caused damages to the Investors in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### (Against MMCC for Unjust Enrichment)

141. Plaintiffs repeat and reallege the allegations contained in each preceding paragraph of the Complaint as though fully set forth herein.

142. Colpitts Sunset had an ownership interest in the Sunset Property and the proceeds of its sale.

143. MMCC's only agreement in connection with the sale of the Sunset Property was the MMCC/Invalus Agreement to which Colpitts Sunset was not a party.

144. Although MMCC had no contractual relationship with Colpitts Sunset and had served a financing agent for Invalus, at the closing of the sale of the Sunset Property, it received the Consulting Fee from Colpitts Sunset's sale proceeds.

145. MMCC was not entitled to receive the Consulting Fee from Colpitts Sunset.

146. MMCC knowingly accepted the benefits conferred on it by Colpitts Sunset to the detriment of the Investors.

147. MMCC's receipt of the Consulting Fee was without justification or compensation to Colpitts Sunset and has unjustly enriched MMCC.

148. Plaintiffs have no adequate remedy at law to recover Consulting Fee wrongfully transferred from Colpitts Sunset to MMCC.

149. Accordingly, as a result of MMCC's unjust enrichment at the expense of the Investors, Plaintiffs are entitled to restitution from MMCC.

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 32

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 35 of 37

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief on behalf of the Trust and all Investors:

A.    On the First Cause of Action (Actual Fraudulent Transfer) against the Third Party Buyers and ST Renton, the return of the Sunset Property or its value;

B.    On the Second Cause of Action (Constructive Fraudulent Transfer) against the Third Party Buyers and ST Renton, the return of the Sunset Property or its value;

C.    On the Third Cause of Action against MMCC (Aiding and Abetting Breach of Fiduciary Duty), damages according to proof at trial, plus punitive or exemplary damages in an amount to be determined at trial;

D.    On the Fourth Cause of Action against the Third Party Buyers and the Short Term Lenders (Aiding and Abetting Breach of Fiduciary Duty), damages according to proof at trial, plus punitive or exemplary damages in an amount to be determined at trial;

E.    On the Fifth Cause of Action against MMCC (Aiding and Abetting Conversion of the Vault Notes), damages equal to all unpaid principal and interest due on the Notes, plus punitive or exemplary damages in an amount to be determined at trial;

F.    On the Sixth Cause of Action against all Defendants (Aiding and Abetting Conversion of the Short Term Loan Proceeds), damages equal to the proceeds from the Short Term Loan (*i.e.*, $3 million), plus punitive or exemplary damages in an amount to be determined at trial;

G.    On the Seventh Cause of Action against MMCC (Consulting Fee as a Fraudulent Transfer), damages equal to the Consulting Fee (*i.e.*, $180,000);

H.    On the Eighth Cause of Action against MMCC (Consulting Fee as a Fraudulent Transfer), damages equal to the Consulting Fee (*i.e.*, $180,000);

I.    On the Ninth Cause of Action against MMCC (Conversion of the Consulting Fee), damages equal to the Consulting Fee (*i.e.*, $180,000), plus punitive or exemplary damages in an amount to be determined at trial;

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 33

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 36 of 37

J.      On the Tenth Cause of Action against MMCC (Unjust Enrichment), damages equal to the Consulting Fee (*i.e.*, $180,000);

K.      Attorneys' fees and expenses, including expert fees, as permitted by law; and

L.      Such other relief as the court may deem just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby invoke their rights pursuant to the Seventh Amendment of the United States Constitution and the Washington State Constitution and demand a jury trial for all claims so triable.

DATED:  September 29, 2025          BUSH KORNFELD LLP

*/s/ Jason Edward Wax*
_____
JASON EDWARD WAX (WSBA #41944)
BUSH KORNFELD LLP

ALAN J. KORNFELD (admitted *Pro Hac Vice*)
JAMES W. WALKER (admitted *Pro Hac Vice*)
CIA H. MACKLE (admitted *Pro Hac Vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Plaintiffs, Lance Miller and Seth Freeman, Co-Trustees of the iCap Trust*

4900-3416-9198.1 39502.00002

**FIRST AMENDED COMPLAINT**
Page - 34

PACHULSKI STANG
ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Flr.
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

25-80094-WLH    Doc 4    Filed 09/29/25    Entered 09/29/25 16:44:32    Pg 37 of 37